IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
v.                             )   Crim. No. 87-065-SLR
                               )   Crim. No. 96-060-SLR
ORLANDO FOREMAN,               )
                               )
        Defendant.             )

**MEMORANDUM**

At Wilmington this   12th   day of February, 2015, having considered

defendant's motion for leniency[1] and the papers submitted in connection therewith, the

court will deny said motion, for the reasons that follow:

1. **Background.**[2]  On October 8, 1987, defendant was sentenced to an 18 year

term of imprisonment for bank robbery in the United States District Court for the District

of Delaware ("the 1987 federal sentence").  The United States Parole Commission ("the

Commission") granted defendant parole on March 5, 1995, with 3,750 days remaining to

be served.  Defendant was to remain under parole supervision until June 10, 2005.

2. On December 18, 1995, defendant entered a residence and robbed the

homeowner at gunpoint.  As defendant fled, the robbery victim grabbed a firearm and

chased after defendant.  While attempting to elude the victim and Wilmington Police,

---

[1]Although defendant has filed the same materials in both cases, the court's docket
citations will reference United States v. Foreman, Crim. No. 96-060-SLR.
[2]The court takes judicial notice of another federal case involving defendant, Foreman v.
Stewart, Civ. Action No. DKC-13-1377 (D. Md.) (Chasanow, J.).

defendant took a bystander hostage. A gunfight soon ensued. Defendant, the hostage, and another bystander were wounded. As a result of his injuries, defendant became paralyzed from the waist down. Defendant was charged with both federal and state offenses.[3]

3. On July 11, 1996, defendant was charged by felony information with possession of a firearm by a person prohibited, in violation of 18 U.S.C. § 922(g)(1). He entered a plea of guilty and was sentenced to a 235-month term of imprisonment ("the 1996 federal sentence").[4]

4. On November 12, 1996, the state court sentenced defendant to five years of imprisonment, with three years suspended for service of probation. Service of the remaining two years was suspended until completion of the 1996 federal sentence.

5. After receiving notification of the 1996 federal sentence, the Commission issued a warrant charging defendant with violating the conditions of his parole, by possessing a firearm. The Commission instructed the United States Marshals Service that the warrant should be placed as a "detainer" and that defendant should be taken into custody when released. On March 10, 1997, the Commission supplemented this warrant to reflect the state court conviction and sentence. In September 1998, following

---

[3]The State of Delaware charged defendant with two counts of robbery first degree, one count of burglary first degree, one count of assault first degree, one count of kidnapping first degree, five counts of attempted murder, and seven counts of possession of a firearm during the commission of a felony. He was convicted in the Superior Court New Castle County ("the state court") of second degree robbery, first degree burglary, attempted robbery, menacing, and reckless endangering.

[4]Defendant appealed the conviction and sentence on October 28, 1999. The Third Circuit dismissed the appeal due to a jurisdictional defect on August 20, 2000. (D.I. 43).

2

an on-the-record review of the detainer, the Commission notified defendant that the detainer would stand.

6. On January 31, 2013, defendant completed serving the 1996 federal sentence, having served 235 months of imprisonment. Pursuant to the detainer, defendant was placed in the custody of the Commission. A parole revocation hearing was held on June 3, 2013. By notice of action dated July 2, 2013, the Commission found that defendant had violated the terms of his parole given his convictions in state and federal court. The Commission revoked defendant's parole and ordered that he serve to the expiration of the 1987 federal sentence. Defendant did not receive any credit for time spent on parole.

7. On July 19, 2014, defendant, proceeding pro se, filed a motion for leniency, seeking a reduced sentence. (D.I. 52) Defendant, paralyzed from the waist down, contends that a sentence reduction is warranted in light of the medical problems and complications that have arisen due to his paralysis, which have further deteriorated his overall health. He states that "the degree of punishment that imprisonment imposes on a paraplegic is far greater than for an average inmate." (D.I. 52 at 2; D.I. 58) In further support, defendant has submitted articles reflecting his participation in prison programs geared toward preventing juveniles from engaging in criminal conduct. The court has also received correspondence from defendant's relatives and friends, urging a reduction of his sentence. (D.I. 54 - 57)

8. **Standard of Review.** "Congress has generally prohibited district courts from 'modify[ing] a term of imprisonment once it has been imposed.'" *United States v.*

3

*Savani*, 733 F.3d 56, 60 (3d Cir.2013) (quoting 18 U.S.C. § 3582(c) (2006)). The

Supreme Court has recognized that 18 U.S.C. § 3582(c)(2) is "a narrow exception to the

rule of finality." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Section 3582(c)

authorizes courts to modify a sentence of imprisonment under three circumstances: (1)

when the Director of the Bureau of Prisons moves to reduce the sentence for certain

reasons; (2) when modification is permitted under Fed.R.Crim.P. 35 (to promptly correct

a clear error or to reduce the sentence for substantial assistance); and (3) when the

Sentencing Commission has reduced the applicable guidelines range after the

defendant was sentenced. *United States v. Jones*, 515 Fed. Appx. 783, 784 (10th

Cir.2013) (citing § 3582(c)).

9. The Supreme Court recently held that "when a defendant's sentence has

been set aside on appeal and his case remanded for resentencing, a district court may

consider evidence of a defendant's rehabilitation since his prior sentencing and that

such evidence may, in appropriate cases, support a downward variance from the

advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, __ , 131 S.Ct.

1229, 1241 (2011). This holding, however, applies only to the circumstance where a

defendant is being resentenced; it does not create another route for modifying a

sentence already imposed apart from the exceptions created by Congress in § 3582(c).

*See United States v. Clavielle*, 505 Fed. Appx. 597, 598 (7th Cir.2013).

10. **Discussion.** The record at bar demonstrates that defendant's motion for

leniency fails for several reasons. First, none of the circumstances identified in §

3582(c) for sentence reduction exist here. Second, defendant finished serving his 1996

federal sentence in January 2013. He is now serving the remainder of his 1987 federal

4

sentence because the Commission, not this court, found that he violated the terms of parole. Third, to the extent defendant seeks relief pursuant to 28 U.S.C. § 2241, the court lacks jurisdiction as the petition must be filed in the district where defendant is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). For defendant, that is not the District of Delaware.

11. **Conclusion.** For the reasons stated, the court lacks jurisdiction to reduce defendant's sentence. *United States v. Bax*, 386 Fed. Appx. 39, 41 (3d Cir. 2010). Defendant's motion will be denied and an order shall issue.

United States District Judge